# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Kevin C.,**
**Petitioner Below, Petitioner**

**FILED**

**November 22, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 16-1029** (Fayette County 14-C-17)

**David Ballard, Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kevin C., by counsel Scott E. Johnson, appeals the Circuit Court of Fayette County's March 9, 2016, order denying his petition for writ of habeas corpus.[1] Respondent David Ballard, Warden, by counsel Gordon L. Mowen II, filed a response. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in finding that he received effective assistance of counsel.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2010, petitioner was indicted on 126 counts of various felony sexual offenses involving his nine-year-old stepdaughter. Ultimately, all but twenty-four counts of first-degree sexual assault were dismissed. Petitioner's case proceeded to trial in April of 2011. At the conclusion of a two-day trial, a jury convicted petitioner of the remaining twenty-four counts of first-degree sexual assault. Petitioner was later effectively sentenced to not less than 150 years nor more than 600 years in the penitentiary and fined $5,000 for each conviction. Petitioner subsequently appealed his convictions and sentences, which were affirmed by this Court. *See State v. Kevin C.*, No. 11-1233, 2012 WL 5857311 (W.Va. Nov. 19, 2012)(memorandum decision).

In January of 2014, petitioner filed a pro se petition for writ of habeas corpus in the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

circuit court. Following appointment of counsel, petitioner filed an amended petition, which raised the grounds of ineffective assistance of trial counsel and prosecutorial misconduct. The circuit court held an omnibus evidentiary hearing. Following this hearing, the court entered its "Order Denying and Dismissing Petition." It is from this order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner contends that he received ineffective assistance of counsel. In support of this argument, petitioner alleges four distinct errors: first, trial counsel's failure to object to the State's rebuttal closing argument during which it referred to petitioner as a "coward" and referenced his "cowardice;" second, counsel's failure to object to the State's leading questions directed to the victim; third, counsel's failure to object to an expert's testimony containing hearsay; and fourth, counsel's failure to call an alibi witness. Petitioner also asserts cumulative error. Each assertion will be addressed in turn.

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

Petitioner argues that the State's four characterizations of petitioner as a "coward" and two references to petitioner's "cowardice" in its rebuttal closing argument were improper and outside the bounds of fair advocacy. Thus, trial counsel's failure to object to these references amounts to ineffective assistance of counsel. Petitioner asserts that the failure to object was "sufficiently egregious" that there is a reasonable probability that, had objections been made, the result of the trial would have been different. Petitioner argues that the prejudice is particularly likely given that the comments occurred during the State's rebuttal closing argument, leaving no opportunity for the petitioner to respond and leaving these comments as some of the last heard by the jury prior to their deliberations.

At petitioner's omnibus hearing, petitioner's trial counsel explained that he did not object to these comments because he felt that the jury, "having reviewed that statement, knew that

2

[petitioner] could not very well be a coward if he sat up here, took the stand in his own defense and was subjected to intense cross-examination[.]" Further, trial counsel's experience led him to conclude that "jumping up, - what they call a springbok attorney, jumping up, jumping up, jumping up, - turns a jury off quicker than anything else that can happen."[2]

In addressing this claim, we note that

[i]n reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions.

*Miller*, 194 W.Va. at 6-7, 459 S.E.2d at 117-18, Syl. Pt. 6. "Where a counsel's performance, attacked as ineffective, arises from occurrences involving strategy, tactics and arguable courses of action, his conduct will be deemed effectively assistive of his client's interests, unless no reasonably qualified defense attorney would have so acted in the defense of an accused." Syl. Pt. 21, *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974). Ultimately, trial counsel considered whether an objection would be viewed favorably by a jury and determined that, because the jurors were unlikely to conclude that a defendant who took the stand and subjected himself to vigorous cross-examination could be considered a coward, an objection would do more harm than good. Such instances of trial strategy, tactics, and arguable courses of action generally are deemed effectively assistive, and we find no abuse of discretion in the circuit court's conclusion that trial counsel was not deficient in this regard.

Moreover, even if the failure to object could be deemed deficient, we find no abuse of discretion in the circuit court's conclusion that there is no reasonable likelihood that petitioner's trial would have ended differently had the objections been lodged. At petitioner's trial, the victim testified to the repeated instances of sexual abuse she suffered at petitioner's hands. A licensed social worker who was qualified as an expert in forensic interviews of children testified that she interviewed the victim and concluded that the victim did not exhibit signs that she had been coached or was lying. The Child Protective Services worker who investigated the reports of sexual abuse in the victim's home testified that her investigation caused her to file for emergency custody of the children and that the acts of sexual abuse against the victim occurred at least once a month. The victim's therapist also testified to the victim's post-traumatic stress disorder and the consistency in the victim's reports of her sexual abuse. The State called an expert in the field of child sexual assault forensic medicine, who testified that on a scale including "none," "possible," "probable," and "definite," the victim's likelihood of sexual abuse was "probable." Finally, the psychologist who performed a court-ordered evaluation of the victim to determine her capacity to serve as a witness on her own behalf testified that the victim was capable of understanding the distinction between truths and lies and that the victim had made no attempts to recant her allegations. Given this evidence, we find no error in the circuit court's conclusion that

---

[2]A springbok is a species of antelope that engages in a special form of jumping called "pronking," which involves leaping into the air in a stiff-legged posture. Springbok, https://en.wikipedia.org/wiki/Springbok (last visited Oct. 16, 2017).

there was no reasonable likelihood of a different result at trial, even if trial counsel had objected to the State's remarks during closing argument. *See also Kevin C.*, 2012 WL 5857311 at *2 ("A review of the record [in petitioner's case] supports petitioner's convictions, and we find no error to warrant overturning them.")

Petitioner next claims that trial counsel should have objected to the State's leading questions directed toward the victim. Petitioner argues that the victim was the only individual who could testify to the frequency and nature of the claimed sexual assaults, which were both critical aspects of the State's case, and the use of leading questions to establish these facts made the victim "nothing more than a conduit for the State."

We find no merit to this claim. Trial counsel's strategy of not objecting and interrupting the testimony of a ten-year-old child victim for fear of alienating the jury is the type of conduct typically deemed effectively assistive. *See Thomas*, 157 W.Va. at 643, 203 S.E.2d at 449, Syl. Pt. 21. Moreover, "[t]he allowance of leading questions rests largely in the discretion of the trial court[.]" Petitioner has failed to establish that the circuit court would not have permitted leading questions in this instance had trial counsel objected. More importantly, petitioner has failed to establish a reasonable likelihood that the outcome of his trial would have been different had an objection been made. To the contrary, there is no indication that the testimony would not have been elicited had more open-ended questions been asked. Accordingly, we find no abuse of discretion in the circuit court's conclusion that petitioner failed to establish a deficiency in trial counsel's representation or a reasonable likelihood of a different result at trial.

Petitioner next claims that the psychologist who performed the court-ordered evaluation of the victim testified to specific details of the victim's abuse, as recounted to her from the victim. Petitioner argues that, to the extent that these details, constituting "inadmissible hearsay," were necessary to the psychologist's competency determination, trial counsel had an obligation to object and seek a limiting instruction.

At petitioner's omnibus hearing, trial counsel again attributed his failure to object to his decision that an objection would do more harm than good:

> [m]y experience has been that the jury is turned off because we now have a doctor in here who is an expert, and the jury wants to listen to the details of an expert's testimony. And for a lawyer to jump up and down and springbok up and down and up and down and up down, it ruins the relationship which you're attempting to establish with the jury on behalf of your client.

Without engaging in hindsight or second-guessing, we find that trial counsel's strategy decision here is not deficient. We also find that petitioner has failed to establish prejudice as a result of trial counsel's failure. Petitioner argues that allowing the psychologist to testify to the details recounted to her "impermissibly reinforce[d]" the victim's testimony, thus supplying reasonable likelihood that a different result would have obtained at trial. A review of the record, however, reveals that while the psychologist's testimony did not completely contradict the victim's, the psychologist testified to some details that differed slightly from the victim's recitation of events. Thus, rather than prejudicing petitioner's case, the psychologist's testimony

4

concerning what the victim told her on a prior occasion may have affected the victim's credibility at trial. We, therefore, find no abuse of discretion in the circuit court's findings that counsel was not deficient and that there was no reasonable likelihood of a different result at trial, even had an objection been made or limiting instruction given.

Petitioner also argues that he received ineffective assistance of counsel by his attorney's failure to adequately investigate a potential alibi witness. During the time petitioner was sexually abusing his stepdaughter, petitioner's wife, the victim's mother, did not have a driver's license. Petitioner testified at his omnibus hearing that he informed his trial counsel of this fact; however, petitioner also acknowledges the following: "Admittedly, in the instant case, the [p]etitioner apparently never fully articulated to his trial counsel that the [p]etitioner's wife's lack of a driver's license was exculpatory." Petitioner claims that this evidence was exculpatory because of testimony that the sexual abuse allegedly occurred when the victim's mother was at the grocery store or a doctor's appointment. Because petitioner would have been the one who drove the victim's mother to the store or an appointment, petitioner argues that he would not have been at home to victimize his stepdaughter. Petitioner claims that the information concerning the lack of a driver's license should have put counsel "on alert to investigate the significance of such a fact[.]"

At petitioner's omnibus hearing, petitioner's trial counsel testified that he asked petitioner whether he had an alibi. Just as petitioner admits, counsel did not believe petitioner informed him of any alibi. Petitioner's counsel also recounted that petitioner's wife was on the State's witness list, which suggested to counsel that the wife may offer testimony detrimental to petitioner's case. Not only that, but the victim's testimony was that the sexual abuse occurred when her mother was "sleeping in bed, or on the computer." Thus, it does not appear that, even if trial counsel had called petitioner's wife, she would have provided this alleged alibi. To that point, we also note that petitioner has failed to set forth what his wife's testimony would have been had she been called. Accordingly, we find no abuse of discretion in the circuit court's conclusion that counsel's representation was not deficient or that, assuming deficiency, no prejudice resulted.

Petitioner's final contention is that, even if this Court decides that trial counsel's omissions are not individually prejudicial, the cumulative effect of counsel's errors resulted in prejudice. Having found no error, however, the cumulative error doctrine is inapplicable. *State v. Knuckles*, 196 W.Va. 416, 426, 473 S.E.2d 131, 141 (1996) ("[B]ecause we find that there is no error in this case, the cumulative error doctrine has no application. Cumulative error analysis should evaluate only the effect of matters determined to be error, not the cumulative effect of non-errors.")

For the foregoing reasons, we affirm the circuit court's March 9, 2016, order denying petitioner habeas corpus relief.

Affirmed.

**ISSUED:** November 22, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker